### In re ESTATE of Adele Shepherd TATE, Deceased.

Supreme Court of Tennessee.

Nov. 29, 1976.

S. Shepherd Tate, W. Thomas Hutton, Martin, Tate, Morrow, & Marston, P. C., Memphis, for appellants-executors.

## OPINION

COOPER, Chief Justice.

This appeal involves the question of whether a testatrix may make a bequest to a minor in excess of One Thousand ($1,000) Dollars and authorize the executor to deliver the money to the parents of the minor without guardians and without bond.

Adele Shepherd Tate died testate on October 3, 1974. The will admitted to probate contains several bequests of cash and stock to minor beneficiaries, the bequest to David Shepherd Walker being Two Thousand Five Hundred no/100 ($2,500.00) Dollars. The will provides that:

"If at my death any of said beneficiaries is a minor, I authorize my Executor to deliver the sum bequeathed to such beneficiary in this item to the then living parents of such minor, without bond, and the receipt thereof of such parents shall be a full and complete discharge to my Executor, with respect to said property. It is my hope that these bequests will be used for educational advantages and foreign travel."

In accordance with the authorization in the will, the executor delivered the cash and the stock bequeathed to the minor beneficiaries to the parents of the beneficiaries. On the filing of a petition for approval of the payments, the trial judge held that, notwithstanding the express provisions in the will concerning the distribution of bequests to minor beneficiaries, the court would not approve of the executor making delivery of the bequest to David Shepherd Walker to his parents, and would only approve the delivery to a legally appointed guardian, citing T.C.A. § 34–108 which provides that:

"When a personal representative shall have made a settlement of an estate, and there remains in his hands a sum of money, not exceeding one thousand dollars ($1,000.00) due a minor, regardless of whether said minor has a regular guardian, the court may, when in its opinion the interest arising on such is not sufficient to pay the expenses of appointing a guardian, making settlements, and other expenses attending a guardianship, by an order or decree make such disposition of same for the benefit of said minor as will in its judgment best promote his interest."

We agree with appellant that T.C.A. § 34–108 applies only to situations where funds from an estate are due a minor, and there is no authorization in the will concerning the delivery of the funds to the parents or any other adult person for the use of the minor. See *Phillips' Pritchard on the Law of Wills and Administration of Estates* (3rd Edition) which states in Section 751 as follows:

"Legacies must be paid to the persons to whom they are due by the will of the deceased; payment to the wrong person, or to one not entitled to receive the legacy,—as to the clerk of the county court,—

will not relieve the executor. If the legatee has died, and the legacy has not lapsed, his executor or administrator is entitled to receive it. If the legatee is an infant, the executor is not justified in paying the legacy either to the infant, or to the father or other relative of the infant, without the sanction of a court of equity, *unless so directed by the will. Of course, if the will directs that payment be made to the father, or any other trustee for the use of the child, he is entitled to receive the legacy, and his receipt will be a good discharge to the executor*; but the directions must be found in the will, and cannot be proved by parol." (Emphasis added.)

Where, as in this case, there is a clear declaration by the testatrix that bequests to minor beneficiaries are to be made to the minor's parents, to require the appointment of a legal guardian to receive the bequest would thwart the expressed intention of the testatrix and will result in additional expenses which the testatrix sought to avoid by authorizing the executor to deliver the bequest to the minor's parents, without bond.

The order of the Probate Court disapproving the distribution of the bequest to the parents of the minor beneficiary, David Shepherd Walker, is reversed. Costs incident to the appeal will be paid by appellant First National Bank of Memphis in its capacity as Executor of the Estate of Adele Shepherd Tate, deceased.

FONES, HENRY, BROCK and HARBISON, JJ., concur.